UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. |
| | : | |
| v. | : | GRAND JURY ORIGINAL |
| | : | |
| **DARNELL ANTHONY JACKSON,** | : | **(UNDER SEAL)** |
|     also known as Donnell Jackson, | : | |
|     also known as Fats, | : | |
|     also known as Darnell Adams, | : | |
| **TROY ANTOINE HOPKINS,** | : | |
|     also known as Fat Troy, | : | |
|     also known as Dialo Fatah, | : | |
| **TONY FITZGERALD HILT,** | : | |
|     also known as Tonia Hilt, | : | |
|     also known as T, | : | |
| **TINESHA DENISE ADAMS,** | : | |
|     also known as Neesha, | : | |
| **SHAWNTAE ANDERSON,** | : | |
| **LAWRENCE BRYANT,** | : | |
| **TROY JAMAL CHAVIOUS,** | : | |
|     also known as Little Troy, | : | |
|     also known as L.T., | : | |
| **CHRISTOPHER MICHAEL DOBBINS,** | : | |
|     also known as Dookie, | : | |
| **JOHN DOWNS, III,** | : | |
|     also known as J.D., | : | |
| **LANIKA MERCEDES FRANKLIN,** | : | |
| **WILLIAM HENRY GRAY,** | : | |
|     also known as "Punchy," | : | |
|     also known as "P," | : | |
| **BERNIE HARGROVE,** | : | |
| **JOHN DOE,** | : | |
|     also known as Keith Roots, | : | |
|     also known as Slow, | : | |
| **DOMINQUE MICHELLE** | : | |
| **WASHINGTON,** | : | |
|     also known as Michelle | : | |
|     Washington | : | |
|         Defendants. | : | |
| | : | |

**GOVERNMENT'S MOTION TO SEAL THE CRIMINAL
INDICTMENT AND OTHER PLEADINGS, RECORDS,
PROCEEDINGS AND FILES, AND TO DELAY ENTRY ON
THE PUBLIC DOCKET OF THE FILING OF THIS
MOTION TO SEAL AND ALL RELATED MATTERS**

The United States, by and through its attorney, Kenneth L. Wainstein, the United States Attorney for the District of Columbia, hereby respectfully submits this motion to seal the accompanying criminal indictment, bench warrants, as well as all other pleadings, proceedings, records and files in this case, including the instant motion to seal, and to delay entry on the public docket of this motion to seal and all related matters. In support of this motion, the government states as follows:

The defendants in this case are targets in a criminal investigation involving the distribution of phencyclidine, also known as pcp, in violation of Title 21, United States Code, Section 841(a)(1).

The sealing is necessary because the indictment, bench warrants, and other future pleadings contain sensitive information, the disclosure of which would not be in the interest of the government or the public.

Law enforcement believes the defendants are not aware of the criminal investigation and disclosure of the indictment and bench warrants in the public records may hinder law enforcement's efforts in apprehending them, and may also endanger law enforcement personnel, and confidential civilian witnesses. Accordingly, it is essential that any information concerning the defendants having a pending case in this district be kept sealed for the time being.

Based on the nature of the ongoing criminal investigation, the government submits that public disclosure of the Indictment would likely compromise the criminal investigation by: (1) placing the personal safety of the undercover agents, other law enforcement officials and innocent

third parties at substantial risk; (2) alerting the defendants of the investigation; and (3) causing the defendants and other possible targets to destroy documents and other evidence. Each of these factors is particularly important in this instance because violent reprisals are common to major criminal violators in general.

It is common practice for individuals associated with criminal organizations to check the public record in the Criminal Clerk's office to ascertain whether the government has filed any pleadings under seal in cases against former associates. Consequently, public notice of the filing of the sealed pleadings or proceedings, itself, is likely to compromise any ongoing criminal and grand jury investigation that would stem from this case, and present a substantial risk to the personal safety of undercover agents and other law enforcement officials taking part in the covert investigation, and, in some cases, innocent bystanders.

Accordingly, the government submits that these facts present an extraordinary situation and a compelling governmental interest which justify not only the sealing of the criminal indictment and all other pleadings, records, proceedings, and files in this case, but also a delay in the public docketing of the filing of these sealed pleadings and the accompanying order until:(1) the substantial risk to the personal safety of cooperating individuals; and (2) the government represents that it can continue its criminal investigation without substantial risk that it would be jeopardized due to the

public docketing of the fact that sealed pleadings have been filed in this case.  See Washington Post v. Robinson, 935 F.2d 282, 289 (D.C. Cir. 1991).

WHEREFORE, it is respectfully requested that this motion be granted.

Respectfully submitted,

KENNETH L. WAINSTEIN
D.C. Bar # 451-058
United States Attorney

BY: _____
S. ELISA POTEAT
Assistant United States Attorney
D.C. Bar No.  420-604
Organized Crime and Narcotics Trafficking Section
555 4th Street, N.W., Room 4120
Washington, D.C. 20503
(202) 514-7067