UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| (Darnell Athony Jackson, et. al) ) | |
| **JOHN DOWNS, III** ) | CRIM. NO. 06-227-09(RBW) |
| **Defendant (09)** ) | |
| _____ ) | |

MOTION FOR RECONSIDERATION OF DETENTION ORDER

Defendant, John Downs, III, by and through undersigned counsel, respectfully requests this Court, pursuant to 18 U.S.C. Sec. 3142(c), to modify his current detention without bond and release him to a third party custodial agency which regularly supervises defendants for the courts, specifically, the electronic home detention program administered through the Intensive Pretrial Supervision program of the Pretrial Services Agency. As grounds for this Motion, defendant states the following:

1. On August 4, 2006, Mr. Downs was arraigned before Magistrate Judge Alan Kay on an indictment in which he and thirteen others are charged in Count One with Conspiracy to Distribute and Possess with Intent to Distribute One Kilograms or More of Phencyclidine (21 U.S.C. Sec. 846, 841(a)(1) and 841(b)(1)(!(iv)) and Aiding and Abetting (18 U.S.C. Sec.2). (b)(1)(C)). Mr. Downs is not named as a participant in any of the indicted overt acts.

2. On August 9, 2006, Magistrate Judge Kay conducted a detention hearing in wherein the government proffered, pursuant to 18 U.S.C. Sec. 3142(f) that " no condition or combination of conditions could reasonably assure community safety" since Mr. Downs provided a statement to law enforcement officers at the time of arrest admitting some minor participation in the charged conspiracy. The government further proffer that after two female courier were intercepted a Dulles airport transporting one-gallon of PCP each, Mr. Downs was the first person contacted by the lead

defendant, Darnell Jackson, and informed that he (Jackson) would be short of funds as a result of the interdiction of the contraband. The government argued, and the Magistrate Judge found persuasive, that the proffered evidence established that Mr. Downs played more than a minor role in the PCP distribution conspiracy. The court, subsequently, determined that Mr. Downs held a significant role in the conspiracy and that no combination of conditions of pretrial release could rebut the statutory presumption of pretrial detention or adequately assure community safety and, thus, ordered that the defendant be held without bond pending trial.

    3. Defendant, through counsel, proffered that the presumption of detention which arises under the Bail Reform Act of 1984, (18 U.S.C. Secs. 3141, 3142(f)) when a defendant is charged with a narcotics offense for which the specified penalty is 10 years or more, could be successfully rebutted if the Magistrate Judge imposed a curfew , and ordered electronic home detention, or alternatively, placed Mr. Downs in a halfway house. Counsel argued that a fair balancing of the factors set forth in 18 U.S.C. Sec. 3142(g), weighed in favor of the defendant's release upon conditions since Mr. Downs is gainfully employed as a Landscaper in a family owned business, has not prior criminal history, and presented to the Court nearly a dozen letters of community support (attached as Exhibit I).

    4. In arguing that this Court reconsider the Magistrate Judges's finding that no condition or combination of conditions could reasonable assure Mr. Downs' future appearances and minimize concerns that his release might pose a danger to any other person or the community, counsel cites the following favorable history and characteristics of the defendant (18 U.S.C. Sec. 3142(g)(3).

        a) The Pretrial Services Agency has verified that Mr. Downs is a life-long resident of the Washington, D.C. area. Mr. Downs resides with his sister Deidra Peters at 7332 Mossy Brink Court Columbia, Maryland 21045.

        b.) Mr. Down is also employed on a part-time basis with the Howard County,

Maryland, Department of Parks and Recreation as a recreation specialist during the school year.

    c.) Mr. Down has no prior criminal history.

    d) Pretrial Services reported no current drug usage by the defendant.

    e) Mr. Downs self-reported involvement in the alleged narcotics conspiracy appeared to be that of a minor role player – i.e., a lower rung, low-level supplier of a small quantity of "dipper" cigarettes to a discrete number of friends and acquaintances.

5. The Government, in its proffer in support of detention, argued that the release of Mr. Settles posed an unreasonable risk of dangerous to the community. The Government further asserted that the indictment understated Mr. Downs' role in the conspiracy, in terms of the length of his participation and supervisory role in the organization at a manager level as shown by his frequent wiretapped conversations with Mr. Jackson. Mr. Downs will establish at a hearing onn this this motion that his frequent contacts with Mr. Jackson revolved around the legitimate business promotions of hip-hop bands and artists and shows at venues such as Becky Restaurant, 48 South Street, Edgewater, Maryland, 1630 Club, 1630 Annapolis Road, Odenton, Maryland; The Senate Inn, 500 Marlboro Pike, Capitol Heights, Maryland; and the Staton Community Center, in Annapolis, Maryland. (See attached Exhibits II and III, miscellaneous artist contracts and promotional flyers).

6. Magistrate Judge Kay granted the Government's motion for pretrial detention based in large part on an erroneous finding that the nature of the activities being discussed by Mr. Jackson and Down captured by the government wiretap surveillance relate to PCP trafficking. Mr. Downs herein argues to this Court that the Magistrate Judge erred in his determination that the subject matter of these communications related to unlawful narcotics activities. Mr. Downs contends that he did not knowingly participate in any activity in furtherance of the charged conspiracy. He believes

that a proper balancing of the factors enumerated in 18 U.S.C. 3142 (f) and (g) and finding, <u>inter alia</u>, when applied to himself, clearly establish that there exist release conditions or combination of release conditions would reasonably assure this defendant's future appearances in court and the safety of the community, and that this Court should so find.

    7. The defendant concedes he admitted to law enforcement authorities during a custodial interview by arresting agents that he periodically had purchase small quantities of PCP from Mr. Jackson. Mr. Downs contends, that these purchases resulted from aberrant episodes triggered by a short-term personal financial crises and does not represent a continuous, or recurring pattern of behavior. Thus, it is the defendant's position that his alleged participation in the alleged conspiracy was intentionally exaggerated by the Government at the detention hearing.

    8. Mr. Downs now asks this Court to reconsider the detention order and determine that it can impose a combination of release conditions which will reasonably assure both the safety of the community and the defendant's continued appearance. Defendant moves the Court to modify the Detention Order to permit Mr. Downs' release into the electronic home detention program of Intensive Pretrial Supervision. Mr. Downs would be eligible for participation in that he has no other criminal detainers and would be restricted by a whatever curfew the Court deemed reasonable. Mr. Downs asks the Court to exclude from the curfew a 12 hour period of 7:00 a.m. to 7:00 p.m. in order to permit the defendant to continue his employment with the family's landscaping business.

    9. If granted conditions of release by the Court, Mr. Downs would agree to remain within a 50 miles radius of the District of Columbia at all times, and would accept any curfew which the Court deemed appropriate. He would, obviously, request exception to any imposed curfew necessitated by his employment, to attend Court proceedings and to confer with his counsel.

    10. If released by this Court, Mr. Downs would further agree to report twice weekly by telephone to the Pretrial Services Agency, make not efforts through third-parties to communicate

with any government witness in the case, or interfere, intimidate, threaten or coerce any witness in this case in any manner whatsoever.

11. Mr. Downs seeks this modification in his detention status so that he may be able to continue to financially support himself during the pendency of this case.

12. Finally, while the evidence against defendant in this case may appear at first blush, substantial, counsel submits that Mr. Downs should be afforded the benefit of the presumption of innocence at this point as set forth in 18 U.S.C. Sec. 3142(j).

13. The Intensive Pretrial Supervision program of the Court Services and Offender Supervision Agency which now supervise pretrial defendants in the District of Columbia for the courts, have strict reporting requirements, and promptly surrender defendants who do not comply with their conditions. The Pretrial Services agency will also monitor the defendant's compliance with conditions imposed. Thus, there will be two reporting agencies required to promptly notify the Court if defendant fails to comply with his conditions of release.

14. Defendant submits that through the above argument he has successfully rebutted the statutory presumption articulated in Sec. 3142(e). Although the rebuttable presumption exists, it does not change the burden of persuasion, which falls upon the Government, and, it is a burden that the Government has not met in the instant case.

WHEREFORE, for the above stated reasons, and for any other reasons raised at a hearing on this Motion, defendant requests that he be released to the electronic home detention program of the Intensive Pretrial Supervision program, or any other third party custodial agency which regularly supervises defendants for the courts with under the above stated conditions and any other conditions the Court deems appropriate. Defendant respectfully requests a hearing on this motion.

                                              Respectfully submitted,
                                              _____
                                              James W. Rudasill

                                                   Counsel for Defendant John Downs
                                                   717 D Street, NW   Suite 310
                                                   Washington, D.C. 20004
                                                   (202) 783-7908

## CERTIFICATE OF SERVICE

     I hereby certify that a copy of the foregoing Motion was served by ECF-CMS to Elisa Poteate, Esq., Assistant United States Attorney for the District of Columbia, 555 4th St., N.W., Washington, D.C. 20530, and all defense counsel of re this 15th day of August, 2006.

                                                   _____
                                                   James W. Rudasill