UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA * | |
| * | |
| VS. * | Criminal No.06-227-09 (RBW) |
| (Darnell Jackson, et.al. -01) * | Judge Reggie B. Walton |
| JOHN DOWNS (Defendant-09) * | |

DEFENDANT'S MOTION FOR DISCOVERY
PURSUANT TO RULE 16 and RULE 26.2

COMES NOW, the defendant, John Downs, through undersigned counsel, pursuant to Rules 16 and 26.2 of the Federal Rules of Criminal Procedure and the Fifth and Sixth Amendments to the United States Constitution and respectfully moves this Court to an Order compelling the government, by its counsel, the U.S. Attorney for the District of Columbia, to disclose to the defense counsel the following information pursuant to Rule16.

**A. Statements of the Defendant and alleged Co-conspirators:**

1. On July 27, 2006, the U.S. Attorney for the District of Columbia filed a multiple count indictment in this case. Count One of the indictment charges the defendant, John Downs III, and thirteen others: Darnell A. Jackson, Troy A. Hopkins, Tony F. Hilt, Tinesha D. Adams, Shawntae Anderson, Lawrence Bryant, Troy J.Chavios, Christopher M. Dobbins, Lanika M. Franklin, William H. Gray, Bernie Hargrove, John Doe a/k/a Keith Roots, and Dominique M. Washington with Conspiracy to Possess with Intent to Distribute and Distribution of One Kilogram Grams or More of Phencyclidine, in violation of Title 21, U.S.C. 846, 841(a)(1) and 841(b)(1)(A)(iv).

2. Mr. Downs is not charged substantively in any of the three other counts of the indictment. The Government, by and through its attorneys, Assistant U.S. Attorneys Elisabeth Poteat and Emery V. Cole, has voluntarily provided a substantial volume of discovery materials

derived primarily from Court authorized electronic wire interceptions including transcript of all pertinent calls.   Defendant,  nonetheless, moves the Court to order pursuant to Rule 16(a)(1)(A) the government to disclose and make available for photocopying any oral, written or recorded statement of any kind in the government's possession attributed to him before, during or after arrest which the government intends to offer into evidence or use for impeachment at trial.

3. Defendant Dunbar further request the production of any statements by  co-defendants Darnell A. Jackson, Troy A. Hopkins, Tony F. Hilt, Tinesha D. Adams, Shawntae Anderson, Lawrence Bryant, Troy J.Chavios, Christopher M. Dobbins, Lanika M. Franklin, William H. Gray, Bernie Hargrove, John Doe a/k/a Keith Roots, and Dominique M. Washington elicited under custodial interrogation or equivalent circumstances, or adopted in testimony before the Grand Jury or Rule 11 plea proceedings before this Court, which may be admissible against John Downs III, as co-conspirator admissions, or which may constitute ***Bruton*** statements.  Implicit in this discovery request is a demand for a declaration of the circumstances surrounding the making of any such statements (spontaneous, consensual, after advisement of ***Miranda*** rights or otherwise) and a copy of any pertinent recordings of transcripts.

.       **B. Prior Criminal Records:**

4. Pursuant to Rule 16 (a)(!)(B), defendant moves the court to order the government to furnish to him a copy of any prior criminal record which applies to him, and to any of co-defendant listed in the First Count of the indictment, to the extent that such records are within the possession, custody or control of the government, the existence of which is now, or by the exercise of due diligence may become known, to the attorney for the government. This request includes, but is not limited to, all information contained in the WALES, CODIS,  NCIC and NADDIS law enforcement databases.

**C.  Tangible, Documentary and Illustrative and Summary evidence:**

5. Pursuant to Rule 16 (a)(1)(B) and Rule 1006, defendant John Downs moves the Court to order the government to produce or make available for inspection and copying all books, documents, papers, photographs, tangible objects, summary exhibits, tables, diagrams and charts in the control of the government which are material to the preparation of the defense or which the government intends to use in its case-in-chief or which were seized from or belong to Mr. Downs.  For all relevant tangible evidence, defense counsel request a viewing letter to inspect all narcotics evidence, firearms, clothing, automobiles, crime scene sketches and diagrams and any of physical evidence within the government's possession, custody or control.

6. " Evidence within the government's possession, custody or control" includes gathered by and/or held by the Metropolitan Police Department, U.S. Park Police, Federal Bureau of Investigation, U.S. Marshals Service,  Bureau of Alcohol, Tobacco and Firearms, Drug Enforcement Agency, U.S. Customs Service and the Immunization and Naturalization Services or any other governmental agency or individual acting under governmental agency direction. ***See, United States v. Rippy, 196 U.S. App. D.C. 234, 606 F.2d 1150 (1979),; United States v. McCray, 142 U.S. App. D.C. 132, 439 F.2d 642; Sanders v. United States, 114 U.S. App. D.C. 345, 316 F.2d 346 (1963); Williams v. United States, 119 U.S. App. D.C. 177, 338 F.2d 286 (1964) (summary of investigation statements by clerks); United States v. Bundy, 153 U.S. app. D.C. 191, 472 F.2d 1266 (1967) (rough notes of police officers and investigators): Montgomery v. United States, 384 A. 2d 655 (D.C. 1968) (police forms, reports and radio runs); Clancy v. United States, 365 U.S. 312 (1961).***

**D.  Medical and Scientific Examinations, Tests, Reports and Expert Testimony:**

7.  Defendant request that the government provide copies of, or permit defense counsel  to inspect and make copies of any reports of Drug Enforcement Administration relative to the chemical analysis of any seized narcotics evidence to be offered at trial as evidence of  the activities of the

narcotics conspiracy charged in Count One.  Defendant further requests copies of the results of all scientific and/or forensic tests or examinations, including firearms, DNA, fingerprint, metallurgic and ballistics examination reports, and any other materials discoverable pursuant to Rule 16 (a)(1)(D).  The defense request that the government identify and provide a summary of the testimony of any expert witness(es) its intends to rely upon in the government's case-in-chief so that the defense counsel will have an adequate opportunity to evaluate whether to call its own experts. Moreover, the defendant has not been informed whether any latent fingerprints were recovered from any seized evidence or crime scene.   If latent fingerprints were recovered and analyzed, the defendant requests a copy of the results of such analysis, examination or testing.

   E.  **Rule 26.2 Statements of Witnesses and *Jencks* Materials**

  8.  Pursuant to Rule 26.2 , defendant requests  preservation and production of witnesses statements relevant to his Motion to for Pretrial Determination of the Admissibility of Co-Conspirators' Statements Pursuant to FRE 801(d)(2)(E).   In requesting the pre-trial production of *Jencks Act* materials, 18 U.S.C. Sec. 3500, defendant contends that under the controlling authorities the government is deemed in vicarious possession of all responsive co-conspirator statements obtained by the law enforcement agencies involved in the prosecution of this case  and that all such statements are  subject to disclosure requirements of the Act *if the government intends to call the co-conspirator as a witness.  See United States v. Kevin Williams-Davis, 90 F. 3d 490, 512-513 (D.C. Cir. 1996); United States v. Rivera, 6 F. 3d 431 (7th Cir. 1993); United States v. Roberts; 811 f.2d 257, 258 (4th Cir. 1987)(en banc); United States v. Tarantino, 846 F.2d 1384, 1418 (D.C. Cir. 1988).*  The defendant, therefore, requests the government to search the files of all law enforcement agencies involved in the investigation of this  case to determine what, if any *Jencks* material exists.  Consistent with the holding in *Golberg v. United States, 425 U.S. 94*, defendant requests that the *Jencks* materials disclosed pursuant to this discovery request include copies of any

substantially verbatim notes taken by any prosecutor while interviewing the government's witnesses.

      9. Moreover, the government has not notified the defendant of the existence of any recorded police communications (i.e, 911 calls or radio runs) discoverable as *Jencks* materials, but in either case, request that the Court order the government to conduct a search to ascertain whether any recorded transmissions where preserved as evidence in this case. The defendant further requests that the Court order the government to disclose *Jencks* materials at least three days before trial in order to provide the defense a meaningful opportunity to prepare its case. Early disclosure of *Jencks* materials would facilitate an orderly and smoothly flowing trial, avoid unnecessary delays after the jury is empaneled, and thus, avoid inconvenience to the Court. ***See,*** <u>***Jencks v. United States***</u>***, 353 U.S. 657 (1957);[Title 18, U.S.Code, Sec. 3500];*** <u>***Duncan v. United States***</u>***, 126 U.S. App. D.C. 371, 379 F.2d 148 (1967)***

      ***F.  <u>Lewis, Giglio and Davis v. Alaska information:</u>***

      10. The defendant moves the Court to order that the government disclose as pretrial discovery all information concerning the prior criminal records of all witnesses it plans to call at trial. <u>***Lewis v. United States***</u>***, 408 A.2d 33 (D.C. 1979);*** <u>***Merriweather v. United States***</u>***, 466 A.2d 853 (D.C. 1983).*** The request for *Lewis* information includes police witnesses who have been charged or sanctioned through administrative (i.e. Civilian Complaint Review Board) or departmental disciplinary proceedings for misconduct in the performance of their official duties. The Court's discovery order should also require the government to comply with <u>***Giglio v. United States***</u>***, 405 U.S. 150, (1972)*** and provided all relevant impeachment information and set forth a detailed description of any benefits, inducements or preferential treatment given or promised to any of the government witnesses. The Court discovery order should also include the directive that the

government disclose any juvenile records of its witnesses as required by ***Davis v. Alaska*, 415 U.S. 308 (1974)**.

  **G. *Drew/Tolliver* Evidence**

  11.  Defendant specifically request written pretrial notification of any "other crimes, or bad acts" evidence which the government plans to use against Mr. Downs pursuant to ***Drew v. United States*, 118 U.S. App. D.C. 11, 331 F.2d 85 (1964)** and /or under ***United States v. Toliver*, 468 A.2d 958 (D.C. 1983)**.  The defendant further requests that such responsive disclosure be made by the government as soon as possible so that counsel may investigate the allegations or otherwise dispute or admit the admissibility of such uncharged misconduct.

  **H. *Brady* Materials:**

  12.  Defendant moves the Court to order the government to make meaningful and timely disclose of all exculpatory information in its possession under ***Brady v. Maryland*, 373 U.S. 83 (1963)**.  The defendant makes the following specific requests:

  a) Any prior false allegations of criminal conduct made by any government witness.  ***See, Giles v. Maryland*, 386 U.S. 66 (1967); *Brooks v. United States*, 396 A.2d 200 (D.C.1978)**.

  b) The names, addresses and telephone numbers of all witnesses who made a statement the either John Downs was not one of the co-conspirators, or indicated that they lacked knowledge, or had difficulty remembering any activities by the defendant in furtherance of, or as a participant in the charged criminal conspiracy.  ***See, United States ex rel Meers  v. Wilins*, 396 F.2d 135 (2d Cir. 1964)**.

  c) All records pertaining to any confirmatory identification procedures conducted by law enforcement investigators in this case whereby John Downs was determined to be a participant in the charged offenses including photo arrays, lineup or showup procedures, and the substance of any

statements of any witness identifying the defendant as a co-conspirator.

    d) The names and addresses of all witnesses, who have made exculpatory statements, testimony, remarks or omissions favorable to or tending to exonerate defendant Downs.

    e) Any matter in which the government discovered false statements concerning the facts of this case by any of its witnesses, including all recantations, disavowal of previously asserted facts by Darnell Jackson or any other cooperating witness who has implicated John Downs as a co-conspirator.

    13.  As a final request, the defendant moves the Court to order the government to respond to his Motion for Discovery in writing and make available to the defense the requested discovery information *within 10 days of any favorable Court ruling on this motion.*  <u>Rosser v. United States</u>, 381 A.2d 598 (D.C. 1977); <u>Mangram v. United States</u>, 418 A. 2d 1071 (D.C. 1980).

    Respectfully submitted,
**John Downs III,** Defendant
By Counsel:

James W. Rudasill, Jr. #318113
717 D Street, N.W., Suite #310
Washington, D.C., 20004
(202) 783-7908

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Motion was served by CM/ECF electronic mail upon Elisabeth Poteat and Emory V. Cole, Assistant United States Attorneys, Narcotics Section, U.S. Attorney's Office for the District of Columbia 555 Fourth Street, N.W., Washington, D.C. 20530, this 14th day of March, 2007, and by similar means upon all defense counsel of record.

_____
James W. Rudasill, Jr.

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| VS. | * | Criminal No.06-227-09 (RBW) |
| (Darnell Jackson, et.al. -01) | * | Judge Reggie B. Walton |
| JOHN DOWNS III  (Defendant-09) | * | |

**<u>ORDER GRANTING DEFENDANT'S MOTION FOR DISCOVERY</u>**

The Court having reviewed Defendant John Downs III's Motion for Discovery Pursuant to Rule 16 and Rule 26.2 and its premises, arguments and authorities cited in support thereof, and the Government's opposition thereto, and in consideration of the testimony of the witnesses at the evidentiary hearing on this motion and the entire record in this case, it appears to the satisfaction of the Court that such relief should be granted.

Accordingly, it is this _____ day of _____, 2007,

**ORDERED** that Defendant John Downs III's Motion for Discovery Pursuant to Rule 16 and Rule 26.2 is hereby **GRANTED**, and it is

**FURTHER ORDERED** that the Government provided defense counsel with access to all responsive discovery materials within **TEN (10) DAYS** of the date of the filing of this order.

_____
**REGGIE B. WALTON**
United States District Judg

Copies to:

| | |
|---|---|
| James Rudasill, Esq. | Emory V. Cole and Elisabeth Poteat, Esqs. |
| 717 D Street, N.W. | Assistant U.S. Attorneys |
| Suite 310 | Office of the United States Attorney |
| Washington, D.C.  20004 | 555 Fourth St., N.W. |
| | Washington, D.C.  20530 |