**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**UNITED STATES OF AMERICA** ]
]
v. ] Case No.CR- 06-227-09 (RBW)
]
(Darnell Jackson, et. al.-01) ]
**JOHNS DOWNS, III** ]
Defendant-09 ]
________________________________

**DEFENDANT DOWNS' PROPOSED VOIR DIRE and STANDARD JURY INSTRUCTIONS**

Defendant, John Downs, III, by undersigned counsel, respectfully requests that this Court voir dire the members of the jury panel as follows:

1. This is a criminal case in which John Downs, III and fourteen others, **DARNELL ANTHONY JACKSON,** also known as Donnell Jackson, also known as Fats, also known as Darnell Adams; **TROY ANTOINE HOPKINS**, also known as Fat Troy, also known as Dialo Fatah, **TONY FITZGERALD HILT**, also known as Tonia Hilt, also known as "T," **TINESHA DENISE ADAMS,** also know as Neesha, **SHAWNTAE ANDERSON, LAWRENCE BRYANT**, **TROY JAMAL CHAVIOUS**, also known as Little Troy, also known as "L.T." **CHRISTOPHER MICHAEL DOBBINS,** also known as Dookie, **LANIKA MERCEDES FRANKLIN, WILLIAM HENRY GRAY,** also know as Punchy, also known as "P," **BERNIE HARGROVE, JOHN DOE,** also known as Keith Roots, or, Slow, **DOMINIQUE MICHELLE WASHINGTON**, also known as Michelle Washington, are charged in Count One of the Indictment with conspiracy to Distribute and Possess with the Intent to Distribute One Kilogram or More of Phencyclidine in violation of Title 21 U.S.C. Sec. 846; Sec. 841(a)(1) and 841(b)(1)(A)(iv), and Aiding and Abetting (18 U.S.C. Sec.2). The government further alleges that from on or about

September 2005, and continuing thereafter until at least July 27, 2006, that the above named individuals did unlawfully , knowingly and intentionally combine, conspire, confederate and agree together and with co-conspirators and others known and unknown to the Grand Jury, to unlawfully, knowingly, and intentionally distribute and possess with the intent to distribute One Kilogram or more of a mixture and substance containing a detectable amount of Phencyclidine, a Schedule II controlled substance, in the District of Columbia, Maryland, California and elsewhere. The Indictment contains a Criminal Forfeiture allegation whereby the government alleges that these defendants obtain substantial monetary benefits which are the direct or derivative proceeds from their participation is the alleged conspiracy, and as unlawful proceeds of specified criminal activities, and such amounts, as reasonably determined by you, the jury, should be forfeited to the government.

3. Does any juror have any personal knowledge of the events and circumstances alleged in this case? Does any juror have any special familiarity with the U.S. Drug Enforcement Agency or the Food and Drug Administration and related laws, regulations and procedures? Will that effect your ability to be fair and impartial in this case?

(IF ANY PROSPECTIVE JURORS ANSWER IN THE AFFIRMATIVE, THE DEFENDANT REQUESTS THAT THEY BE QUESTIONED AT THE BENCH TO DETERMINE THE NATURE AND EXTENT OF THEIR KNOWLEDGE AND THE SOURCE FROM WHICH IT WAS OBTAINED).

4. As I indicated, the defendants have been charged in an indictment returned by a Grand Jury. An indictment is just a formal way of informing the defendants of the nature of the charges against them. You are not to consider the indictment as any indication of guilt. You will also be instructed that the law requires you as jurors to presume a person innocent unless and until the government is able to prove him guilty by competent evidence beyond a reasonable doubt. Does the

fact that the defendants have been indicted make it difficult for any of you to presume them innocent? Do any of you have any fixed opinions about criminal cases or persons who are accused in criminal cases, which would prevent you from giving a fair and impartial verdict in this case based solely upon the evidence?

5. Another proposition of law which you must accept and apply in a criminal case is that the burden is always upon the prosecution to prove guilt beyond a reasonable doubt. This burden never shifts to a defendant, for the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence. Are each of you willing to accept that proposition of law?

6. (Introduction of Assistant United States Attorneys Elisabeth Poteat and Emery Cole): Are any members of the jury panel acquainted with, or have you ever previously met Ms. Poteat or Mr. Cole, the prosecutors in this case? Have any of you ever served on a jury panel where the prosecution was represented by Ms. Poteat or Mr. Cole?

7. (Introduction of Defendants): Do any of you know Mr. John Downs, III., Mr. Downs was raised in Annapolis, Maryland and now resides in Columbia, Maryland. Mr. Downs has worked as in the Washington-Annapolis-Baltimore region as a concert promoter, a youth league basketball coach and as a jobs foreman in his family's landscaping business. Does any member of the panel recognize any defendant?

8. (Introduction of defense counsel): Mr. James Rudasill, a member of the Bar of this Court, represents John Downs, III. Mr .Howard Katzoff, also a member of the Bar of this Court, represents Mr. Lawrence Bryant. Are any members of the jury panel acquainted with Mr. Rudasill or Mr. Katzoff? Have any of you ever previously served as a juror in a trial in which Mr. Rudasill or Mr. Katzoff was involved?

9. Are you, or is any member of your family, employed by, or have you or they ever been employed by the United States Attorneys Office, the District of Columbia Corporation Counsel, the Metropolitan Police Department, any other police department or law enforcement agency including the U.S. Department of Justice, the Department of Homeland Security, the Department of State, the Federal Bureau of Investigation, the Immigration and Customs Enforcement Agency, any private detective agency or security force, or any other agency engaged in any manner of law enforcement, either in civilian or military life? If so, please tell us your relationship to the person and state the nature of such employment, the identity of the employer and the approximate dates of such employment.

10. Are you related to or acquainted with any of the following individuals who are potential witnesses in this case: (A prospective witness list will be provided on the date of trial).

11. You will hear testimony from one or more law enforcement officers in this case. Do any of you feel you would be inclined to give the testimony of a law enforcement officer any greater or lesser consideration than the testimony of any other witness? (IF ANY PROSPECTIVE JURORS ANSWER IN THE AFFIRMATIVE, THE DEFENDANT REQUESTS THAT THEY BE QUESTIONED AT THE BENCH).

AT THE END OF THE NEXT SERIES OF QUESTIONS I WILL ASK EACH PERSON WHO HAS AN AFFIRMATIVE ANSWER TO ONE OR MORE OF THE QUESTIONS TO STAND AND COME TO THE BENCH. PLEASE DO NOT RISE UNTIL ALL THE QUESTIONS HAVE BEEN ASKED):

12. a) Have you, any member of your family, or any of your close friends, within the past ten years, ever been the victim of a crime

?b) Have you, any member of your family, or any of your close friends, within the

past ten years, ever been accused or convicted of criminal conduct or been the subject of a criminal investigation other than a minor traffic offense?

c) Have you, any member of your family, or any of your close friends, within the past ten years, ever been a witness to a crime?

d) Have you, any member of your family, or close friend ever been a witness in a criminal case in either state or federal court?

(IF YOUR ANSWER TO ANY OR ALL OF THE QUESTIONS I HAVE JUST PUT TO YOU IS "YES," PLEASE STAND AND YOU WILL BE PERMITTED TO COME TO THE BENCH INDIVIDUALLY TO GIVE YOUR ANSWER IN PRIVATE).

13. Have any of you, your spouses, or close members of your family ever attended or graduated from law school? If so, please tell us who the person is, whether that person is practicing law, whether the person is involved in criminal law, and whether you speak to that person about his or her law practice.

14. Are any of you active members or do you participate in a neighborhood crime prevention committee or group. If so, what committees or groups have you participated in, and what were your responsibilities?

15. As I stated before, the charge in this case involves allegations of conspiracy to violate the immigration laws of the United States, witness tampering and criminal forfeiture. Does any member of the jury panel feel that the nature of the charges will make it difficult for you to fairly weigh and evaluate the evidence in this case, and return a verdict based solely on the evidence?

16. Do you know of any other matter which has not yet been raised by any questions or discussion at the bench which you feel would interfere with your ability to reach a fair and impartial verdict?

17. The case is expected to last three weeks. Is there anyone here who for health, medical, or family reasons, feels that he or she can not sit in this case. Defendant also proposes the following **jury instructions**:

**PROPOSED STANDARD JURY INSTRUCTIONS**

The following standard instructions from the Red Book (2002 Fourth Edition) are requested by counsel for defendant John Downs, III:

l.02 -Notetaking by Jurors (Paragraphs A and B)

1.03 - Preliminary Instruction to Jury Before Trial

l.05 - Cautionary Instruction Before First Recess

1.07 - Statements of Counsel

1.08 - Expert Testimony

1.10 - Evaluation of Prior Inconsistent Statement of a Witness

1.12 - Impeachment by Proof of Conviction of a Crime - Witness

1.12A- Impeachment by Proof of Pending Case, Probation or Parole - Witness

1.15 - Cautionary Instruction - Photographs of the Defendant

2.01 - Function of the Court

2.02 - Function of the Jury

2.03 - Jury's Recollection Controls

2.04 - Evidence in the Case - Judicial Notice, Stipulations, Depositions

2.05 - Statements of Counsel

2.06 - Indictment or Information Not Evidence

2.07 - Inadmissible and Stricken Evidence

2.08 - Burden of Proof - Presumption of Innocence

2.09 - Reasonable Doubt

2.10 - Direct and Circumstantial Evidence

2.11 - Credibility of Witnesses

2.13 - Number of Witnesses

2.14 - Nature of Charges Not to be Considered

2.22 - Accomplice's Testimony

2.23 Testimony of Immunized Witness

2.25 - Perjure's Testimony

2.26 - Police Officer's Testimony

2.28 - Defendant as Witness

2.30 - Transcripts of Tape Recordings

2.51 - Other Crimes Evidence

2.50 - Statements – Co-defendants

2.52 - Multiple Counts –One Defendant

2.55 - Evidence Admitted Against One Defendant Only

2.70 - Redacted Documents and Tapes

2.71 - Selection of Foreperson

2.72 - Unanimity

2.73 - Exhibits During Deliberations

2.75 - Communications Between Court and Jury During Jury's Deliberations

2.76 - Furnishing the Jury with a Copy of the Instructions

3.02 - Proof of State of Mind

3.05 - Proof of Value

3.11 - Consensual Tape Recording

4.02(A)- Co-conspirator's Liability

DEFENDANT'S SPECIAL INSTRUCTION NO. 1 -

5.01 - Defendant's Theory of the Case ( a proposed instruction to be submitted at the conclusion of the evidence.)

The defendant reserves the right to propose such additional jury instructions as may be warranted by the evidence adduced at trial.

Wherefore, defendant respectfully request that the Court grant his request for jury instructions as set forth above.

Respectfully submitted,

/s/

James W. Rudasill (Bar # 318113)
717 D Street. NW Suite 310
Washington, D.C. 20004
(202)783-7908
Attorney for John Downs, III

**CERTIFICATE OF SERVICE**

I hereby certify that this 24th day of August, 2007, a copy of the foregoing Proposed Voir Dire and Jury Instructions was served by electronic Mail CM-ECF to Elisabeth Poteat, Esq., and Emery Cole, Esq., Assistant U.S. Attorneys, Judiciary Center Building, 555 Fourth Street, N.W., Washington, D.C. 20001, and in like manner to all defense counsel of record.

_______/s/_________________
James W. Rudasill, Esq.