IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA     *

         Crim. No. 06-227

v.                             *      Honorable Reggie B. Walton

JOHN DOWNS III

\* \* \* \* \* \* \* \* \* \* \* \* \*

**FILED**
DEC 1 0 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

### MOTION FOR NEW TRIAL

The Defendant, JOHN DOWNS III, *pro se*, hereby moves this Honorable Court, pursuant to Rule 33 of the Federal Rules of Criminal Procedure, for a new trial. In support of this motion, the Defendant States as follows:

1. The defendant was indicted on July 27, 2006 on one count of conspiracy with intent to distribute 1 or more kilograms of phencyclidine 21U.S.C. § 846 (c).

2. During deliberations, one of the jurors reported to the trial court that he felt threatened. Without any curative measures taken by the court, the juror in question and was in fact coerced by other jurors to abandon his role contrary to the majority.

3. The Defendant's conviction was a result of judicial misconduct. The United States Supreme Court and federal courts of appeals have emphasized repeatedly that not only must justice be done; it also must appear to be done. In oft-quoted statement of Justice Frankfurter, "justice must satisfy the appearance of justice." *Offutt v. United States*, 348 U. S. 11, 14 (1954). As the United States Supreme Court recognized in *Young v. United States*, 481 U.S. 787, 811 (1987), "what is at stake is the public perception of the integrity of our criminal justice system." The Defendant

claims that he was denied his fundamental right to a fair trial by the trial judge's unfair exclusion of evidence, i.e., failure to allow counsel to introduce evidence of the government's 17-year-old murder conviction. The trial judge's improper rulings also created a "Hobson's choice," for the Defendant – either remain silent in the face of inadmissible evidence or waive his right against self-incrimination. Said errors denied Defendant his right to a fair trial.

4. Both the Sixth Amendment, made applicable to the states through the due Process Clause of the Fourteenth Amendment, and Article 21 of the Maryland Declaration of Rights guarantee the right to effective assistance of trial counsel. The seminal case defining the standard of whether an attorney's conduct has violated a defendant's Sixth Amendment right is *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, ineffective assistance of counsel requires a two-step analysis. To establish ineffective assistance of counsel, Petitioner must demonstrate (1) that under the "performance prong," counsel's performance was deficient, i.e., counsel committed serious attorney error, and (2) that, under the "prejudice prong," counsel's deficient performance prejudiced the defense. Trial counsel admitted that the trial judge was biased and that as a result thereof, he would be unable to provide effective assistance. In fact, during the second week of trial, counsel recommended that the Defendant retain new counsel. Trial counsel further advised the Defendant that, because he had just recently "won three murder cases in the trial judge's courtroom, there was no way " that the Defendant would be acquitted. Trial counsel also informed a third party that the trial judge was going to "help the government get a conviction anyway that he could." In sum, the trial judge's actions or lack thereof, contributed to trial counsel's ineffectiveness to the point where the Defendant's trial cannot be relied upon as having produced a just result.

WHEREFORE, Defendant respectfully requests of this Honorable Court:

1. That Defendant's Motion be granted; and
2. That the Court provide such other and further relief as the nature of Defendant's cause may require.

*John Downs*

John Downs III

### CERTIFICATE OF SERVICE

I certify that on this 4th day of December 2007, a copy of the foregoing Motion for New Trial was delivered to the courthouse mailbox of the United States Attorney's Office, 554 4th Street, N.W., Washington, D.C.

*John Downs*

John Downs III