UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CRIMINAL NO. 06-227 (RBW) |
| | : | |
| v. | : | Judge Reggie B. Walton |
| | : | |
| JOHN DOWNS III, | : | |
| Defendant. | : | |

**GOVERNMENT'S MOTION FOR COURT-ORDER ALLOWING PRIOR COUNSEL TO DIVULGE CLIENT COMMUNICATIONS IN SUPPORT OF GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION FOR NEW TRIAL**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby moves this court to find that, by making a claim of ineffective assistance of counsel in his motion for a new trial, the defendant, John Downs, III, has waived the attorney-client privilege with his former counsel, James Rudasill, Jr.. As grounds for the instant motion, the government states the following:

A.   Background:

1.   The government's investigation of the narcotics conspiracy in which the defendant and others participated uncovered a large-scale drug trafficking organization which had been operating between California, the District of Columbia, the state of Maryland, and the Commonwealth of Virginia. Agents working on the case estimate that the group was responsible for the distribution of well over 30 kilograms of phencyclidine ("PCP"). The defendant debriefed three times with members of the law enforcement and he also gave a statement to agents from the Federal Bureau of Investigation ("FBI") about his criminal involvement. He was at all times represented by Attorney James Rudasill, Jr.

2. On or about October 2, 2007, a jury trial commenced for the defendant and his co-defendants who were charged in this conspiracy. At the trial, Mr. Rudasill continued to represent the defendant. The defendant testified at the motions hearing preceding the trial and at trial, and presented several character witnesses in his defense. During his testimony, the defendant admitted to the contents of his post-arrest statement to agents of the FBI and his debriefings. After two notes, arguably referencing other defendants, on or about November 27, 2007, the jury returned a verdict of guilty for the above-mentioned defendant of conspiracy to distribute and possess with intent to distribute one kilogram or more of phencyclidine (PCP), in violation of 21 U.S.C., § 846.

3. On or about January 21, 2008, the Court appointed new counsel, Mark J. Carroll, Esq., to represent the defendant in any post trial and sentencing matters.

4. Subsequently, counsel filed at motion for a new trial, and he has raised several alleged points of error at trial, including allegations of conflict of interest and claims of ineffective assistance of counsel which will require counsel for the government to respond appropriately to the issues raised by the defendant.

5. Consequently, counsel for the government need to learn what communications took place between Mr. Rudasill and his client in order to adequately defend against the motion.

B.    Argument.

The basis of the defendant's motion for a new trial is that he received flawed information and advice from Mr. Rudasill and that Mr. Rudasill failed at trial to provide effective representation in line with the defendant's best interests. Consequently, the substance of the relationship between Mr. Rudasill and the defendant has been brought by the defendant to the forefront of this case. In the interest of allowing the government fair opportunity to respond to the motion with facts contrary to

those highlighted by the defendant, the government must necessarily be permitted to examine their attorney-client relationship in order to determine the accuracy of the defendant's claims.

By claiming that Mr. Rudasill acted improperly as defense counsel, the defendant places into controversy that which would otherwise fall under the attorney-client privilege. Under such circumstances–when the matter at issue is itself privileged information–the common law doctrine of implied waiver dictates that the defendant has waived his right to claim the privilege. See Ideal Electronic Security Co. v. International Fidelity Insurance Co., 129 F.3d 143, 151-52 (D.C. Cir. 1997) (When the suit concerned attorney billing of the client, the party seeking relief could not claim any attorney-client privilege over billing statements). Here, the defendant's argument in favor of a new trial is based on all of the elements of his relationship with Mr. Rudasill: the content of their shared conversations, the legal information and advice given by Mr. Rudasill, the representations made by the defendant about how he wanted to present his defense, and finally the extent to which Mr. Rudasill acted in the best interest of his client. The attorney-client relationship was brought into dispute by the defendant, and so the defendant has made an implied waiver that allows the government and the court to make inquiries into otherwise privileged areas.

It is also a matter of fundamental fairness that Mr. Rudasill and the government be permitted to disclose and defend those choices and actions that the defendant claims constitute ineffective assistance. See Byers v. Burleson, 100 F.R.D. 436, 440 (D.C. 1983). In Byers, the plaintiff's own subjective knowledge of the case allowed her to argue that her case was timely under the statute of limitations, but the only possible way for the defendant to challenge that timeliness was by inquiring into that subjective knowledge of the plaintiff and her attorney. Id. Ordering the plaintiff to comply with a discovery request, the court noted that despite the plaintiff's assertions of attorney-client

privilege, "the defendant should be able to respond with facts which answer the precise issue," even if it included otherwise privileged information. Id. Virtually all of the facts and evidence either supporting or refuting the defendant's assertions are covered by the attorney-client privilege, and so the privilege must be waived in order for the government and Mr. Rudasill to have any fair opportunity to present facts which answer the precise issues raised by the defendant's motion.

Ultimately, the defendant's assertion of the attorney-client privilege would directly hinder any government fact-finding into the effectiveness of Mr. Rudasill's representation. Now that Mr. Rudasill is no longer the defendant's attorney but rather the target of his accusations, the attorney-client privilege would be no more than a "tool for manipulation of the truth-seeking process." In re: Sealed Case, 676 F.2d 793, 807 (D.C. Cir. 1982). The purpose of the attorney-client privilege is to facilitate free and confidential communication between attorney and client in order to allow dialogue about the strongest possible defense to be presented. See Byers, 100 F.R.D. 436 at 440. That privilege need not apply when the "communication" interest is not implicated. Id. In this matter, what is implicated is the defendant's ability, not to confide in his attorney, but to make accusations against Mr. Rudasill while simultaneously guarding all evidence contrary to his own motion for a new trial.

For the reasons outlined above, the defendant's claim of ineffective assistance of counsel should act as a waiver of his attorney-client privilege, and Mr. Rudasill should be permitted to respond to the attack by disclosing all available information about his representation in this case. See, e.g., Tasby v. United States, 504 F.2d 332, 336 (8th Cir. 1974), *cert denied*, 419 U.S. 1125 (1975).

The government now requests that the court declare that the defendant has waived his right to claim attorney-client privilege with regard to Mr. Rudasill's representation.

WHEREFORE, it is respectfully requested that this motion be granted.

                                             Respectfully submitted,

                                             JEFFREY A. TAYLOR
                                             UNITED STATES ATTORNEY
                                             Bar. No 498-610

By:     \_\_\_\_\_/s/_____

                                             S. ELISA POTEAT
                                             EMORY V. COLE
                                             Assistant United States Attorneys
                                             Organized Crime and Narcotics Trafficking Section
                                             555 4th Street, N.W., Room 4106
                                             Washington, D.C. 20503
                                             (202) 514-7067
                                             Elisabeth.S.Poteat@usdoj.gov
                                             Emory.Cole@usdoj.gov