UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED

AUG 1 9 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JOHN DOWNS III, )<br>)<br>Defendant. )<br>) | Criminal Action No. 06-227-09  (RBW) |

## ORDER

John Downs III, the defendant in this criminal case, seeks a new trial pursuant to Federal Rule of Criminal Procedure 33. Memorandum of Law in Support of Motion for New Trial at 1. Anticipating an evidentiary hearing on this motion, the government filed a motion on July 8, 2008, seeking a preliminary evidentiary determination that the defendant's former counsel could divulge certain communications with the defendant to rebut the defendant's charge of ineffective assistance of counsel. Motion for Court[]Order Allowing Prior Counsel to Divulge Client Communications in Support of Government's Opposition to Defendant's Motion for New Trial at 1. When the defendant failed to respond to that motion by the deadline imposed by Local Criminal Rule 47(b) (taking into account the extra three days provided by Federal Rule of Criminal Procedure 45(c)), the Court entered an order directing the defendant to show cause in writing why it should not treat the government's motion as conceded and grant the motion without further delay. Order to Show Cause at 1.

Subsequent to the entry of the Court's order to show cause, counsel for the defendant informally alerted the Court and lead counsel for the government that the defendant conceded to

the relief sought in the government's motion.[1]  Given this concession, there is no reason apparent to the Court why the motion should not be granted.

It is therefore

**ORDERED** that the government's motion is **GRANTED**.

**SO ORDERED** this 19th day of August, 2008.

REGGIE B. WALTON
United States District Judge

---

[1] This Court's local rules expressly provide that "[a]ll papers relating to [a] pending action shall be filed with the Clerk [of the Court] unless otherwise directed by the Court." Local Crim. R. 49.1(a). The Court strongly encourages counsel for the defendant to adhere to this stricture in the future.